UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AIMEE LYNN NELSON,<br><br>　　　　　　　Plaintiff,<br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　　　Defendant. | CASE NO. 2:22-CV-00945-LK<br><br>ORDER GRANTING IN PART UNOPPOSED MOTION FOR ATTORNEY'S FEES |

This matter comes before the Court on Plaintiff Aimee Lynn Nelson's unopposed motion for attorney's fees under the Equal Access to Justice Act ("EAJA"). Dkt. No. 18. Nelson seeks attorney's fees in the amount of $11,000. *Id.* at 2. The EAJA provides that:

> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon

ORDER GRANTING IN PART UNOPPOSED MOTION FOR ATTORNEY'S FEES - 1

which the civil action is based) which is made in the civil action for which fees and other expenses are sought.

28 U.S.C. § 2412(d)(1)(B).

Nelson has satisfied most of the requirements of 28 U.S.C. § 2412(d)(1)(B). She filed the instant motion on May 10, 2024, which is within 30 days of the Court's entry of final judgment on May 2, 2024. Dkt. Nos. 17, 18; *see also Melkonyan v. Sullivan*, 501 U.S 89, 94–96 (1991). Upon review of the motion and the record, the Court also determines that Nelson is the prevailing party and that the Commissioner's position was not substantially justified.

Nelson has not, however, demonstrated that all of the rates charged by her attorney were in accordance with the statutory maximums set by the Ninth Circuit. The Court has an independent duty to review the itemized statement submitted by the party seeking an award of fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433, 436–37 (1983). Most of the time entries in the itemized statement accompanying Nelson's motion are in accordance with the statutory maximum hourly rates permitted for work performed in the Ninth Circuit for any given year. *Compare* Dkt. No. 19-2 at 1–3, *with* U.S. Courts for the Ninth Circuit, *Statutory Maximum Rates Under the Equal Access to Justice Act*, https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates ("Maximum Rate Table") (last visited June 4, 2024); *see also* 28 U.S.C. § 2412(d)(2)(A); Ninth Circuit Rule 39-1.6. However, the itemized statement also shows that Nelson's attorney billed at a rate of $242.78 per hour on June 24, 2022 and July 3, 2022, which exceeds the statutory maximum hourly rate of $234.95 permitted for work performed in 2022 in the Ninth Circuit. *See* Dkt. No. 19-2 at 1; Maximum Rate Table. This appears to have been an oversight on the part of Nelson's attorney, as the itemized statement indicates that the "2023 EAJA RATE" was used for those entries, while the "2022 EAJA RATE" was used for all other time entries from 2022. Dkt. No. 19-2 at 1–2. The

ORDER GRANTING IN PART UNOPPOSED MOTION FOR ATTORNEY'S FEES - 2

Court accordingly exercises its discretion and reduces those entries to the 2022 statutory maximum hourly rate of $234.95, which results in the following total fees:

| Service and Date of Service | Hours Expended | Rate | Total Fees |
| --- | --- | --- | --- |
| 06/24/2022: Drrafting [sic] of intake documents including IFP application, Complainti [sic], Summonses, Civil Cover [Sheet] | 0.10 | $234.95 | $23.50 |
| 07/03/2022: [N]ote to to [sic] client re Intake docs | 0.25 | $234.95 | $58.74 |

28 U.S.C. § 2412(d)(1)(C); *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 161 (1990). This results in a minor reduction of the overall fee request from $11,000 to $10,997.26.

      Having thoroughly considered Nelson's motion, the documents filed in support, and the relevant record, the Court hereby GRANTS IN PART Nelson's unopposed motion for attorney's fees, Dkt. No. 18, and awards Nelson $10,997.26 in attorney's fees, subject to any offset allowed under the Treasury Offset Program. 31 U.S.C. § 3716; *see also Astrue v. Ratliff*, 560 U.S. 586, 595–98 (2010). Payment of EAJA fees shall be sent to Nelson's attorney by either EFT or check: George Andre Fields, Esq. at P.O. Box 231024, Sacramento, CA 95823.

      Dated this 7th day of June, 2024.

Lauren King
United States District Judge